UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                    :

THE HART ISLAND PROJECT, INC.,

                    :    13 Civ. 1630 (AJP)

              Plaintiff,

                                    :

     -against-

                                    :    **ANSWER**

THE ASSOCIATED PRESS,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Defendant The Associated Press ("AP"), by its undersigned attorneys, for its answer to the Complaint herein of plaintiff The Hart Island Project, Inc. ("plaintiff"), hereby alleges as follows:

       1.      The "Summary of Complaint" asserted by plaintiff does not conform to the pleading standards and requirements of Fed. R. Civ. P. 8.  To the extent that a response to the "Summary of Complaint" is determined to be required, AP admits as follows:

       AP is a global news agency that provides members and subscribers with print and video news content.  In August 2012, an AP reporter, Bonny Ghosh, decided to prepare a video news story about Hart Island, the New York City potter's field.  Ms. Ghosh sought to contact families of persons buried on Hart Island.

       In the course of researching this story, Ms. Ghosh was referred to Melinda Hunt, the executive director of plaintiff.  Ms. Ghosh and Ms. Hunt spoke by telephone a number of times while Ms. Ghosh was researching her story.  Ms. Hunt told Ms. Ghosh about the Hart Island Project website.  Ms. Ghosh accessed the website and noticed that it mentioned that Ms. Hunt had made a film about Hart Island, "Hart Island: An American Cemetery" (the "Film").  The website allowed any internet viewer to stream the first five minutes of the Film, and Ms. Ghosh

saw that the Film contained shots taken on Hart Island.  Ms. Ghosh also saw that plaintiff's website featured an Al Jazeera streaming video news story about Hart Island, and that excerpts from the Film taken on Hart Island were used in this news story.

In a telephone conversation, Ms. Ghosh told Ms. Hunt what she had seen and asked Ms. Hunt if AP could also use footage from the Film in the planned AP video news story.  Ms. Hunt orally gave that permission without asking for any compensation or other consideration.  Ms. Ghosh accepted this offer.  Ms. Ghosh then said that as a courtesy, AP would provide a credit in its news story for the Film footage.  The details of this credit were not discussed.

Ms. Hunt then sent Ms. Ghosh a link to a YouTube channel where video footage of the Film could be streamed.  Ms. Ghosh reviewed the YouTube video and determined that its video quality was too low for AP's needs. She asked Ms. Hunt if there was a higher quality version of the Film available that AP could use for its story.  Ms. Hunt then directed Ms. Ghosh to a website where the entire Film could be downloaded for a payment, and walked her through the process of downloading the Film.  Again, Ms. Hunt did not ask for any compensation or other consideration for AP's use of the film.  Ms. Ghosh was then able to purchase a copy of the film, and downloaded it for AP's use in the AP video story.

AP then incorporated short excerpts of the Film into an AP video news story about Hart Island (the "AP Video News Story").  The script of the AP Video News Story sent to broadcast customers indicated that the source for the footage was "Melinda Hunt/ Documentary Hart Island: An American Cemetery."  However, by inadvertence, AP omitted to place the courtesy credit to Ms. Hunt and the Film in a caption within the AP Video News Story.  The AP Video News Story was transmitted by AP to its clients, and posted to AP websites, without such a courtesy credit.

The AP Video News Story was transmitted by AP to its clients on or about August 29, 2012.  Upon information and belief, the AP Video News Story was broadcast by some of those clients promptly thereafter.  Upon information and belief, some of those clients posted links to the AP Video News Story on their websites, from which Internet users could view the AP Video News Story on streaming video.  AP also posted the AP Video News Story on websites under its control, from which Internet users could view the AP Video News Story on streaming video.

Shortly after August 29, 2012, Ms. Hunt contacted Ms. Ghosh via telephone.  Ms. Hunt said that she had seen the AP Video News Story online and that no credit had been given to Ms. Hunt or to plaintiff.  Ms. Ghosh checked the facts and saw that the courtesy credit, although included in the script for the video, had been inadvertently omitted.  She spoke to Ms. Hunt, apologized for the omission of the courtesy credit, and offered to have the story reissued with the credit included.  Ms. Hunt refused this offer and said that she would refer the matter to her legal counsel.

Shortly thereafter, AP received a letter from counsel for plaintiff alleging that AP's use of footage from the Film was unlicensed and therefore an infringement of copyright.  AP then disabled public access to the AP Video News Story on websites under AP's control so that the story could no longer be accessed and viewed by the public.  After this lawsuit was commenced, and the complaint alleged that there were specific AP client websites where the AP Video News Story could still be streamed, AP first checked to see if the story was still accessible on all the identified websites.  It was accessible on all but two of the identified websites (Dayton Daily News and KiroTV.com).  AP then sent notices to the clients where the AP Video News Story could be accessed, asking that be that it be taken down.  AP believes that all those clients then removed or disabled access to the AP Video News Story on their websites.

As set forth above, AP was licensed by plaintiff to use the Film, and AP's use of the Film in the AP Video News Story did not infringe plaintiff's claimed copyright.  In addition, all acts by AP allegedly constituting infringement of the copyright in the Film commenced prior to September 14, 2012, the effective date of the copyright registration for the Film set forth in Exhibit A to the Complaint.  Thus, even if plaintiff were able to show that AP's acts were infringement of its copyright, because the Film was first published in 2008 and any alleged infringement by AP commenced before the effective date of the Film's copyright registration, 17 U.S.C. § 412 bars plaintiff from recovering either statutory damages or attorney's fees.

Except as admitted above, AP denies the allegations contained in the "Summary of Complaint."

2.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

3.      Admits the allegations contained in paragraph 2 of the Complaint,

4.      Admits the allegations contained in paragraph 3(a) of the Complaint, and denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3(b) of the Complaint.

5.      Admits that plaintiff purports to assert claims for copyright infringement and unjust enrichment under New York law, but denies that plaintiff has stated such claims. Except as so admitted and denied, denies the allegations contained in paragraph 4 of the Complaint.

6.      Admits that the Court has jurisdiction over the copyright infringement count of the Complaint, and, except as so admitted, denies the allegations contained in paragraph 5 of the Complaint.

7.      Admits the allegations contained in paragraph 6 of the Complaint.

8.      Admits, upon information and belief, the allegations contained in paragraph 7 of the Complaint.

9.      Admits, upon information and belief, the allegations contained in paragraph 8 of the Complaint.

10.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

11.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

12.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

13.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

14.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

15.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

16.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

17.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

18.     Admits, upon information and belief, that Exhibit A is a copy of the registration for "Hart Island: An American Cemetery," and, except as so admitted, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

19.     Admits that in the course of preparing a video news story on Hart Island, Bonny Ghosh, an AP reporter, spoke to Melinda Hunt via telephone, that learning from Ms. Hunt that she had made the Film, Ms. Ghosh orally requested permission to use footage from the film in the planned AP video news story, that Ms. Hunt orally gave AP permission to use such footage without asking for compensation or other consideration, that Ms. Hunt assisted Ms. Ghosh in locating and downloading the Film, and that AP downloaded the Film and incorporated a small amount of footage from the Film in the AP Video News Story; and, except as so admitted, denies the allegations contained in paragraph 18 of the Complaint.

20.     Denies the allegations contained in paragraph 19 of the Complaint.

21.     Admits the allegations contained in paragraph 20 of the Complaint.

22.     Admits that Ms. Ghosh, after learning about the Film, orally requested permission from Ms. Hart to use footage of the Film in an AP video news, that Ms. Hart orally offered AP permission to use such footage without asking for compensation or other consideration, and that AP orally accepted this offer, and, except as so admitted, denies the allegations contained in paragraph 21 of the Complaint.

23.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

24.     Admits that  Ms. Hart orally offered to permit AP to use footage from the Film in an AP video news story without asking for compensation and other consideration and that AP orally accepted this offer, avers that this exchange of oral communications created a non-exclusive license, and, except as so admitted, denies the allegations contained in paragraph 23 of the Complaint.

25.     Admits that AP and plaintiff did not put the oral non-exclusive license granted by plaintiff into writing, and, except as so admitted, denies the allegations contained in paragraph 24 of the Complaint.

26.     Admits that Ms. Ghosh, following Ms. Hart's directions and acting pursuant to Ms. Hart's oral license, downloaded the Film from a website to which Ms. Hunt directed her, reviewed the Film, and, together with other AP employees, caused short portions of the Film footage to be incorporated into an AP video news story about Hart Island (the "AP Video News Story"), and, except as so admitted, denies the allegations contained in paragraph 25 of the Complaint.

27.     Admits that the AP Video News Story incorporated the short excerpts from the Film footage identified in subparagraphs 26(a)-(f) of the Complaint into the AP Video News Story and, except as so admitted, denies the allegations contained in paragraph 26 of the Complaint.

28.     Denies the allegations contained in paragraph 27 of the Complaint.

29.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

30.     Denies the allegations contained in paragraph 29 of the Complaint.

31.     Denies the allegations contained in paragraph 30 of the Complaint.

32.     Admits that plaintiff offered to permit AP to use footage from the Film in an AP video news story without requesting compensation, credit or anything else of value, that AP accepted this offer, and that it was only after this license was agreed to that AP said it would provide an on-screen courtesy credit for the Film, and, except as so admitted, denies the allegations contained in paragraph 31 of the Complaint.

33.     Admits that AP made streaming video of the AP Video News Story available on websites under its control, and also distributed the AP Video News Story to certain members of AP and subscribers to AP news services, and, except as so admitted, denies the allegations contained in paragraph 32 of the Complaint.

34.     Admits the allegations contained in paragraph 33 of the Complaint.

35.     Admits the allegations contained in paragraph 34 of the Complaint.

36.     Admits the allegations contained in paragraph 35 of the Complaint.

37.     Admits, upon information and belief, that some of AP's members and subscribers copied, published, and displayed the AP Video News Story, or portions thereof, and, except as so admitted, denies the allegations contained in paragraph 36 of the Complaint.

38.     Admits that pursuant to license granted by plaintiff, AP copied and distributed the AP Video News Story, which contained short excerpts from the Film, and, except as so admitted, denies the allegations contained in paragraph 37 of the Complaint.

39.     Admits that AP pays careful attention to copyright issues, and has made public statements in favor of copyright protection for news, and, except as so admitted, denies the allegations contained in paragraph 38 of the Complaint.

40.     Admits the allegations contained in paragraph 39 of the Complaint.

41.     Admits the allegations contained in paragraph 40 of the Complaint.

42.     Denies the allegations contained in paragraph 41 of the Complaint, and avers that any provision contained in the New Filmmakers Online Terms of Use restricting the use of the Film by AP were not binding on AP and/or were superseded by the license granted to AP by plaintiff.

43.     Denies the allegations contained in paragraph 42 of the Complaint, and avers that any provision contained in the New Filmmakers Online Terms of Use restricting the use of the Film by AP were not binding on AP and/or were superseded by the license granted to AP by plaintiff.

44.     Admits, upon information and belief, that the website newfilmmakersonline.com permits a user to download films from that website, and that a link, which users are not required to click on in order to download films, leads to a page containing the language quoted in paragraph 43 of the Complaint (without the added emphasis), avers that any provision contained in the New Filmmakers Online Terms of Use restricting the use of the Film by AP were not binding on AP and/or were superseded by the license granted to AP by plaintiff, and, except as so admitted, denies the allegations contained in paragraph 43 of the Complaint.

45.     Admits that Ms. Ghosh downloaded the Film at the direction of Ms. Hunt, and that she and other AP employees, acting for AP, used short excerpts from the Film in the AP Video News Story pursuant to license granted by plaintiff, and, except as so admitted, denies the allegations contained in paragraph 44 of the Complaint.

46.     Admits that AP believed that plaintiff owned copyright in the Film, further admits that AP and plaintiff had discussed and agreed upon the terms of a license for AP's use of footage from the Film in an AP video news story as alleged above, and, except as so admitted, denies the allegations contained in paragraph 45 of the Complaint.

47.     Denies the allegations contained in paragraph 46 of the Complaint.

48.     Repeats and realleges the admissions, denials and averments contained in paragraphs 1 through 47 of this Answer as though fully set forth.

49.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

50.     Admits  that, pursuant to license granted by plaintiff to AP, AP copied short excerpts from the Film and incorporated them in the AP Video News Story, and, except as so admitted, denies the allegations contained in paragraph 49 of the Complaint.

51.     Admits that, pursuant to directions provided to AP by Ms. Hunt and the license granted by plaintiff to AP, AP obtained access to the Film through the New Filmmakers Online website and downloaded the Film, and, except as so admitted, denies the allegations contained in paragraph 50 of the Complaint.

52.     Admits that, pursuant to license granted by plaintiff to AP, AP copied short excerpts from the Film and incorporated them in the AP Video News Story, and, except as so admitted, denies the allegations contained in paragraph 51 of the Complaint.

53.     Denies the allegations contained in paragraph 52 of the Complaint.

54.     Denies the allegations contained in paragraph 53 of the Complaint.

55.     Denies the allegations contained in paragraph 54 of the Complaint.

56.     Denies the allegations contained in paragraph 55 of the Complaint.

57.     Denies the allegations contained in paragraph 56 of the Complaint.

58.     Denies the allegations contained in paragraph 57 of the Complaint.

59.     Admits that AP was licensed by plaintiff to use excerpts from the Film and that AP's use of footage from the Film did not exceed the scope of that license, avers that if such license was thereafter revoked, such revocation occurred after completion by AP of all acts of reproduction, distribution, display or performance, and creation of derivative works with respect to the Film, and that AP has not made any use of the Film on or after October 22, 2012, denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding whether the license was revoked or the date of alleged revocation, and, except as so admitted, denied, and averred, denies the allegations contained in paragraph 58 of the Complaint.

60.     Repeats and realleges the admissions, denials and averments contained in paragraphs 1 through 59 of this Answer as though fully set forth.

61.     Admits the allegations contained in paragraph 60 of the Complaint.

62.     Denies the allegations contained in paragraph 61 of the Complaint.

63.     Denies the allegations contained in paragraph 62 of the Complaint.

64.     Denies the allegations contained in paragraph 63 of the Complaint.

65.     Denies the allegations contained in paragraph 64 of the Complaint.

66.     Admits that at relevant times, AP charged its members and subscribers a fee to republish AP content, and, except as so admitted, denies the allegations contained in paragraph 65 of the Complaint.

67.     Denies the allegations contained in paragraph 66 of the Complaint.

68.     Denies the allegations contained in paragraph 67 of the Complaint.

69.     Denies the allegations contained in paragraph 68 of the Complaint.

70.     Repeats and realleges the admissions, denials and averments contained in paragraphs 1 through 69 of this Answer as though fully set forth.

71.     Neither admits nor denies the allegations contained in paragraph 70 of the Complaint, as they are purely assertions of law.

72.     Admits the allegations contained in paragraph 71 of the Complaint.

73.     Admits, upon information and belief, the allegations contained in paragraph 72 of the Complaint.

74.     Admits that AP selected and used portions of the Film in the AP Video News Story, and, except as so admitted, denies the allegations contained in paragraph 73 of the Complaint.

75.     Denies the allegations contained in paragraph 74 of the Complaint.

76.     Denies the allegations contained in paragraph 75 of the Complaint.

77.     Denies the allegations contained in paragraph 76 of the Complaint.

78.     Denies the allegations contained in paragraph 77 of the Complaint.

79.     Repeats and realleges the admissions, denials and averments contained in paragraphs 1 through 78 of this Answer as though fully set forth.

80.     Neither admits nor denies the allegations contained in paragraph 79 of the Complaint, as they are purely assertions of law.

81.   Admits the allegations contained in paragraph 80 of the Complaint.

82.   Admits the allegations contained in paragraph 81 of the Complaint.

83.   Denies the allegations contained in paragraph 82 of the Complaint.

84.   Denies the allegations contained in paragraph 83 of the Complaint.

85.   Denies the allegations contained in paragraph 84 of the Complaint.

86.   Denies the allegations contained in paragraph 85 of the Complaint, and avers that any provision contained in the New Filmmakers Online Terms of Use restricting the use of the Film by AP were not binding on AP and/or were superseded by the license granted by plaintiff to AP to use excerpts from the Film in an AP video news story.

87.   Denies the allegations contained in paragraph 86 of the Complaint, and avers that any provision contained in the New Filmmakers Online Terms of Use restricting the use of the Film by AP were not binding on AP and/or were superseded by the license granted by plaintiff to AP to use excerpts from the Film in an AP video news story.

88.   Repeats and realleges the admissions, denials and averments contained in paragraphs 1 through 87 of this Answer as though fully set forth.

89.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

90.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint

91.   Admits that AP is a major news organization and that plaintiff granted AP a license to use excerpts from the Film in an AP news story without requesting compensation or

other consideration, denies knowledge and information sufficient to form a belief as to the truth

of the allegations that AP could have used its own resources to negotiate its own permit and send

its own camera crew to Hart Island within the time parameters of the AP Video News Story, and,

except as so admitted and denied, denies the allegations contained in paragraph 90 of the

Complaint.

92.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph 91 of the Complaint.

93.     Denies knowledge and information sufficient to form a belief as to the truth of the

allegations contained in paragraph 92 of the Complaint.

94.     Denies knowledge or information regarding sales of the DVD of the Film and

donations to plaintiff, denies that any alleged lack of "influx" of sales of DVDs of the Film or

donations to plaintiff were caused by the failure of AP to include a credit to plaintiff within the

AP Video News Story to credit the Film or link to plaintiff's website, and, except as so admitted,

denies the allegations contained in paragraph 93 of the Complaint.

95.     Avers that plaintiff granted AP a license to use footage from the Film in an AP

video news story as alleged above, and, except as so averred, denies knowledge and information

sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the

Complaint.

96.     Denies the allegations contained in paragraph 95 of the Complaint.

97.     Admits that AP incorporated short excerpts from the film in the AP Video News

Story, that it licensed the AP Video News Story for broadcast to members and subscribers, and

that AP charges a fee for broadcast services provided to members and subscribers and, except as so admitted, denies the allegations contained in paragraph 96 of the Complaint.

98.     Denies the allegations contained in paragraph 97 of the Complaint.

99.     Denies that plaintiff is entitled to the relief requested in paragraph 98 of the Complaint.

100.     Denies that plaintiff is entitled to the relief requested in paragraph 99 of the Complaint.

101.     Denies that plaintiff is entitled to the relief requested in paragraph 100 of the Complaint.

102.     Denies that plaintiff is entitled to the relief requested in paragraph 101 of the Complaint.

103.     Denies that plaintiff is entitled to the relief requested in paragraph 102 of the Complaint.

104.     Denies that plaintiff is entitled to the relief requested in paragraph 103 of the Complaint.

105.     Denies that plaintiff is entitled to the relief requested in paragraph 104 of the Complaint.

106.     Neither admits nor denies the allegations contained in paragraph 105 of the Complaint, as they are a jury demand.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The alleged use by AP of the Film was pursuant to, and complied with, an oral non-exclusive license granted by plaintiff to AP.

**THIRD DEFENSE**

The alleged use by AP of the Film was a fair use under 17 U.S.C. § 107 and therefore not an infringement of any copyright claimed by plaintiff.

**FOURTH DEFENSE**

The alleged use by AP of the Film was *de minimis* and therefore not an infringement of any copyright claimed by plaintiff.

**FIFTH DEFENSE**

The AP Video News Story is not substantially similar to the copyrightable portions, if any, of the Film.

**SIXTH DEFENSE**

If AP was not licensed to use excerpts from the Film by plaintiff as alleged in the Complaint, any alleged infringement by AP commenced more than three months after first publication of the Film and prior to September 14, 2012, the alleged effective date of the copyright registration of the Film.  As a consequence, plaintiff is barred by 17 U.S.C. § 412 from recovering any award of statutory damages or attorney's fees.

**SEVENTH DEFENSE**

Plaintiff may not recover for any alleged violation by AP of the terms of use of the "New Filmmakers Online" website.

## EIGHTH DEFENSE

Plaintiff is estopped from asserting the claims alleged in the Complaint.

## NINTH DEFENSE

Plaintiff has waived the claims alleged in the Complaint.

## TENTH DEFENSE

The Fifth Claim of the Complaint is preempted pursuant to 17 U.S.C. § 301(a).


WHEREFORE, defendant The Associated Press requests that the Court enter judgment, for defendant and against plaintiff:

a.      Dismissing the Complaint with prejudice;

b.      Awarding AP its costs of defense of this action, including a reasonable attorney fee, pursuant to 17 U.S.C. §§ 505 and 1203(b)(4) and (b)(5);

c.      Alternatively, (i) determining that AP was not aware and had no reason to believe that its actions constituted an infringement of copyright, and reducing any award of statutory damages against AP to $200, and (ii) determining that AP is an innocent violator under 17 U.S.C. § 1203(c)(5) and remitting in its entirety any award of damages for any adjudicated violation by of 17 U.S.C. § 1202 and awarding no costs or attorney's fees to plaintiff; and

d.      Granting such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
           May 15, 2013                              DLA PIPER LLP (US)


                                        By: /s/ Andrew L. Deutsch
                                              Andrew L. Deutsch
                                              Airina L. Rodrigues
                                        1251 Avenue of the Americas
                                        New York, New York 10020
                                        Tel: (212) 335-4500
                                        Fax: (212) 884-8580

                                        *Attorneys for Defendant The Associated Press*